Martin MENDOZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–149–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1999.

**830**

Angel Castro, Brownsville, for appellant.

Juan A. Guerra, District County Atty., Raymondville, Rene B. Gonzalez, Brownsville, for State.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

1.  TEX. PEN.CODE ANN. § 29.02 (Vernon 1998).

## OPINION

Opinion by Chief Justice ROBERT J. SEERDEN.

This is an appeal from the conviction of Martin Mendoza, appellant, for robbery[1] with a habitual-offender enhancement.[2]

During the voir dire process, appellant was brought into the courtroom in shackles and handcuffs. The court also ordered appellant restrained by shackles during the trial. The record reflects that before the voir dire examination of the panel began, appellant's counsel objected to the use of shackles. The court overruled the motion without providing a basis for the decision. After the voir dire examination concluded, appellant's counsel renewed his objection. In response, the court noted:

> For the record, it was called to my attention before Mr. Mendoza was brought in with the shackles of the situation [appellant's counsel] and [the District Attorney] was (sic) in, perhaps [the Assistant District Attorney], I don't know, was in chambers with me and they called to my attention what I think I already knew, was that the defendant had been—had a conviction for escape previously and has, the Court is personally familiar with his reputation in the community for escape.... And so there has been some instances with the prosecutor and the defendant who don't seem to like each other very well. So, I just thought all things considered, it's better to go ahead and [restrain the defendant].

The court overruled the objection. Subsequently, counsel objected to appellant being brought before the jury panel in handcuffs. The court overruled the objection.

By his first and second issues, appellant argues that the trial court erred by allowing him to be tried in shackles. When a defendant is restrained while before the jury, his presumption of innocence is seriously infringed. *Cooks v. State*, 844

2.  TEX. PEN.CODE ANN. § 12.42 (Vernon 1998).

S.W.2d 697, 722 (Tex.Crim.App.1992). In rare circumstances, shackling is justified. *Id.* These circumstances exist when the defendant poses a threat to himself or others, has interfered with court proceedings, or has attempted to escape. *Culverhouse v. State*, 755 S.W.2d 856, 859–60 (Tex.Crim.App.1988). The court must set forth, with specificity, the reasons supporting the decision to restrain the defendant. *Long v. State*, 823 S.W.2d 259, 282 (Tex. Crim.App.1991). Absent an abuse of discretion, the ruling of the trial court will stand. *Cooks*, 844 S.W.2d at 722.

 The court noted that appellant had attempted to escape several times in the past, and indeed, had been convicted of escape. However, beyond the statement, there is no factual basis contained in the record to support the use of restraints in this case. *Long*, 823 S.W.2d at 283; *see generally, Brown v. State*, 877 S.W.2d 869, 871 (Tex.App.—San Antonio 1994, no pet.) (generalized concerns about the nature of defendant's prior sentences insufficient to support restraint). The record must contain specific factual findings supporting the decision to restrain the defendant. This record does not contain those findings.

 However, even if we find an abuse of discretion in the decision to try the defendant in shackles, reversal is warranted only if some harm resulted. *See* Tex.R.App. P. 44.2(a). Courts have found harm primarily where there is some proof that the jury actually saw the shackles. *Cooks*, 844 S.W.2d at 723; *Long*, 823 S.W.2d at 283. Here, the record indicates that during voir dire and after making his initial objection, appellant's counsel also informed the jury panelists that appellant was shackled. Moreover, the record indicates that appellant was led before the jury and tried while in shackles. These facts give rise to a presumption that the jury actually observed appellant in that state. The court of criminal appeals has held that where the jury fleetingly observes a defendant in shackles, no harm arises. *See Jacobs v. State*, 787 S.W.2d

397, 407 (Tex.Crim.App.1990). However, here, the record indicates that the defendant was before the jury at all times in shackles. Additionally, unlike in *Jacobs*, there is no indication in the record that the court took any additional measures to ensure that the shackles were hidden from the jury. Such overt restraint unduly jeopardizes the presumption of innocence and directly harms the defendant. Thus, we sustain appellant's first and second issues. As these issues are dispositive, we need not consider appellant's other issues. Tex.R.App. P. 47.1.

We REVERSE the trial court's judgment and REMAND the cause for new trial.