**Clyde L. SIMMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–01–777–CR, 13–01–843–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 19, 2004.

---

Elliott H. Costas, Attorney At Law, and James D. "Rusty" Henderson, Attorney At Law, Victoria, for Appellant.

Clyde L. Simms, Beeville, pro se.

M.P. 'Dexter' Eaves, District Attorney, and Michael M. Kelly, Asst. District Attorney, Victoria, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice YAÑEZ.

By three points of error, appellant Clyde Lavoy Simms proceeds pro se in order to challenge his two convictions for aggravated robbery [1] after a jury found him guilty on October 17, 2001.[2] We affirm.

---

1. TEX. PEN.CODE ANN. § 29.03(a)(2) (Vernon 2003).

2. At the punishment hearing that same day, appellant pled true to two enhancement paragraphs in both cases and the jury assessed punishment at 60 years confinement for each case. The sentences were assigned to run concurrently upon the completion of appellant's life sentence for an aggravated assault

## Background[3]

Appellant's court appointed counsel on appeal, Elliot H. Costas, filed an *Anders* brief on January 25, 2002. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Attached to the brief was a motion requesting withdrawal, appointment of new counsel, or a time extension for appellant to file a pro se brief. On January 31, this Court abated the appeal and ordered the trial court to hold a hearing to determine if appellant desired to proceed pro se. At the hearing on February 8, the trial court found that appellant did not desire to proceed pro se and appointed James D. Henderson to replace Costas. Henderson filed an *Anders* brief as to each conviction on June 4. Appellant subsequently filed a pro se brief on July 8. On September 8, 2003, the trial court certified that this case "is not a plea-bargain case, and the defendant has the right of appeal." *See* Tex.R.App. P. 25.2(a)(2).

## Analysis

■ In his first point of error, Simms contends the trial court abused its discretion by failing to hold a hearing on the issue of the use of physical restraints on him during the trial. The United States Supreme Court has identified at least three possible problems that arise when a criminal defendant is restrained in the courtroom at trial: (1) the sight of the restraint might have a significant effect on the jury's feelings about the defendant; (2) the defendant's ability to communicate with counsel is greatly reduced, negating one of the defendant's primary advantages of being present at the trial; and (3) the very dignity and decorum of judicial proceedings that the judge is seeking to uphold is affronted. *Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The Texas Supreme Court has similarly held that the harm a defendant suffers when the jury sees him restrained is the infringement of his constitutional presumption of innocence, and all efforts should be maintained to prevent the jury from seeing the defendant's restraints, "except where there has been a showing of exceptional circumstances or a manifest need for such restraint." *Long v. State,* 823 S.W.2d 259, 282–83 (Tex.Crim.App. 1991).

■ "The decision to use physical restraints must be made by the trial judge on a case-by-case basis and the use of such restraints will necessitate reversal only where the decision constitutes an abuse of discretion." *Gammage v. State,* 630 S.W.2d 309, 314 (Tex.App.-San Antonio 1982, pet ref'd). Restraints have been authorized in trials where the defendant has: posed a threat to himself; posed a threat to others; interfered with court proceedings; or attempted to escape. *See Culverhouse v. State,* 755 S.W.2d 856, 859–60 (Tex.Crim.App.1988); *Mendoza v. State,* 1 S.W.3d 829, 830–31 (Tex.App.-Corpus Christi 1999, pet. ref'd). "On appeal the role of [an appellate] court is to determine whether the trial court abused its discretion in authorizing the restraint." *Cooks v. State,* 844 S.W.2d 697, 722 (Tex.Crim.App. 1992); *Long,* 823 S.W.2d at 282.

arising from the same fact scenario as the two aggravated robberies here.

**3.** A factual recitation of this case can be found in *Simms v. State,* No. 13–01–288–CR, 2002 Tex.App. LEXIS 5977, *2–10 (Corpus Christi-Edinburg August 8, 2002, no pet.) (not designated for publication), which affirms appellant's conviction and life sentence for the related aggravated assault offense.

"Before a trial court is authorized in ordering the physical restraint of an accused on trial before a jury, he should conduct a hearing outside the presence of the jury...." *Gammage*, 630 S.W.2d at 314. "To assist the appellate court in [its] determination, the record must clearly and affirmatively reflect the trial judge's reasons therefor." *Long*, 823 S.W.2d at 282 (citing *Cooks*, 844 S.W.2d at 722) ("The trial judge must set forth with specificity the reasons supporting his decision to restrain the defendant."). However, even if an abuse of discretion in authorizing restraint exists, "reversal may not be called for if such abuse was harmless." *Cooks*, 844 S.W.2d at 722.

Here, appellant was restrained by an electronic immobilization system at all times during the voir dire examination, guilt/innocence phase, and punishment phase. This system consists of a monitor, essentially a leg bracelet worn between the upper calf and knee, and a harness. It can produce a 50,000 volt shock by means of a remote transmitter in the hands of an attending officer.[4]

Appellant failed to request a hearing on the necessity of the restraint and the trial court did not make findings justifying its use. Although the court made no statement regarding the circumstances justifying the need to restrain appellant, the record account of appellant's crime, which included an extended and violent attempted escape, demonstrates the probable impetus for the measures (i.e. flight risk). *See Cooks*, 844 S.W.2d at 723. Nevertheless, we hold the trial court abused its discretion by not making a record of specific reasons for authorizing the restraint of appellant. *See Long*, 823 S.W.2d at 283.

We further hold that this abuse of discretion did not ... harm appellant. *Id.* Appellant "fails to direct our attention to any place in the record showing that the jury actually saw" the restraint. *Id.; see Cooks*, 844 S.W.2d at 723. After the trial, three jurors signed affidavits stating:

Mr. Simms was in the court room at his counsel table any time that I[or] the other jurors came into the court room and took their seats. I never saw a harness of any type on Mr. Simms. When he was on the witness stand during the punishment part of the trial I did not see anything about him other than what appeared to be normal clothing. After the completion of the trial I was informed that Mr. Simms had an electronic monitor strapped to him and was not aware of this until I was told. I do not know of any instance or indication that the members of the jury panel saw or were aware that Mr. Simms was wearing a monitor.

It is evident from this statement that these jurors did not see appellant's restraint and

---

4. A notification form signed by appellant reads:

[A]n attending officer has the ability to activate the stun package attached to you, thereby causing the following results to take place:
1. Immobilization causing you to fall to the ground
2. Possibility of self-defecation
3. Possibility of self-urination[.]
Failure to comply with officer direction could lead to any of the above!

This System could be activated under the following actions on your behalf and notification is hereby made:
A. Any outburst or quick movement
B. Any hostile movement
C. Any tampering with the system
D. Any attempt to escape custody
E. Any loss of vision of your hands by the custodial officer
F. Any overt act against any person within a fifty (50) foot vicinity[.]
(emphasis omitted).

the trial judge "took measures to prevent the exposure of the jury" to the restraint. *See Long,* 823 S.W.2d at 283. The record reflects that the trial judge ordered appellant to be seated at counsel table or the witness stand before the jury entered and to remain there until the jury exited. "Courts have found harm primarily where there is some proof that the jury actually saw" the restraint. *Mendoza,* 1 S.W.3d at 831; *see Cooks,* 844 S.W.2d at 723; *Long,* 823 S.W.2d at 283. We conclude appellant was not harmed because: (1) the record demonstrates the probable impetus for the restraint, *Cooks,* 844 S.W.2d at 723; (2) the trial judge took measures to prevent exposure of the restraint to the jury, *Long,* 823 S.W.2d at 283; and (3) there is no evidence in the record indicating that appellant's restraint was actually seen by the jury. *See Cooks,* 844 S.W.2d at 723; *Long,* 823 S.W.2d at 283. Without harm, no reversible error exists. *See Cooks,* 844 S.W.2d at 723; *Long,* 823 S.W.2d at 283. Appellant's first point of error is overruled.

■ In his second point of error, Simms contends his right to a fair and impartial trial was abridged by being placed before the jury in the electronic immobilization system, even though he never objected to wearing the monitor. The particular use of an electronic immobilization system as a restraint used on criminal defendants in the courtroom appears to be an issue of first impression for state courts in Texas. However, the Fifth Circuit has "joined many federal circuits in approving the use of stun belts [5] as a security device." *United States v. Davis,* No. 01–282, 2003 U.S. Dist. LEXIS 8250, at *4 (E.D.La. May 12, 2003) (citing *Chavez v. Cockrell,* 310 F.3d 805, 807 n. 1, 809 (5th Cir.2002)); [6] *see United States v. Joseph,* 333 F.3d 587, 590–91 (5th Cir.2003) (no abuse of discretion in permitting stun belt and shackles). We follow the Fifth Circuit precedent and hold the electronic immobilization system did not abridge appellant's right to a fair and impartial trial. Appellant's second point of error is overruled.

■ In his third point of error, Simms contends he received ineffective assistance of counsel during the guilt/innocence stage of his trial. He argues that counsel's agreement to withdraw a motion to suppress in exchange for the prosecution precluding certain testimony from its witnesses was "erroneous and ineffective." We disagree.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) sets forth the standard of review for effectiveness of counsel. *See Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). *Strickland* requires a two-part inquiry. *Id.* The defendant must first show that

---

5. The Fifth Circuit describes the stun belt as a "security belt" that "delivers a 50,000 volt electrical shock to the wearer when activated." *Chavez v. Cockrell,* 310 F.3d 805, 807 n. 1 (5th Cir.2002). This stun belt and the electronic immobilization system used here appear to be one and the same.

6. "Several courts have explicitly approved the use of stun belts to restrain defendants during trial." *Chavez,* 310 F.3d at 807 n. 1, 809 (citing *Hawkins v. Comparet–Cassani,* 251 F.3d 1230, 1242 (9th Cir.2001); *United States* v. McKissick, 204 F.3d 1282, 1299 (10th Cir. 2000); *United States v. Brooks,* 125 F.3d 484, 502 (7th Cir.1997); *United States v. Edelin,* 175 F.Supp.2d 1, 7–8 (Dist.D.C.2001)); *see also Gonzalez v. Pliler,* 341 F.3d 897, 904 (9th Cir.2003) ("It matters not whether the restraint takes the form of handcuffs, gags, leg shackles, ropes, straight jackets, stun belts, or force fields. The relevant constitutional questions are identical and dictated by a long line of case law.").

counsel's performance was deficient, in that it fell below an objective standard of reasonableness. *Id.* Second, the defendant must further prove there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

 The determination regarding whether a defendant received effective assistance of counsel must be made according to the facts of each case. *Id.* at 813. An appellate court looks to the totality of the representation and the particular circumstances of the case in evaluating counsel's effectiveness. *Id.*

The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Id.* There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996).

Given the standard of review for ineffectiveness of counsel, appellant has not met his burden to prove trial counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced his defense. The record reflects counsel withdrew a motion to suppress based on an agreement with the prosecution. However, the record also reflects that, in exchange, the prosecution did not put on evidence of the colorful and incriminating remarks Simms made upon his arrest. Thus, the evidence is not sufficient to rebut *Strickland's* presumption that the challenged action of trial counsel was the result of "sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Appellant's third point of error is overruled.

Having overruled all of appellant's points, we AFFIRM the judgment of the trial court.