NUMBERS 13-01-777-CR & 13-01-843-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
CLYDE L. SIMMS,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 377th District Court of Victoria County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
 
 
          By three points of error, appellant Clyde Lavoy Simms proceeds pro se in order to
challenge his two convictions for aggravated robbery


 after a jury found him guilty on
October 17, 2001.


 We affirm.
Background



          Appellant’s court appointed counsel on appeal, Elliot H. Costas, filed an Anders brief
on January 25, 2002. See Anders v. California, 386 U.S. 738, 744 (1967). Attached to the
brief was a motion requesting withdrawal, appointment of new counsel, or a time extension
for appellant to file a pro se brief. On January 31, this Court abated the appeal and
ordered the trial court to hold a hearing to determine if appellant desired to proceed pro se. 
At the hearing on February 8, the trial court found that appellant did not desire to proceed
pro se and appointed James D. Henderson to replace Costas. Henderson filed an Anders
brief as to each conviction on June 4. Appellant subsequently filed a pro se brief on July
8. On September 8, 2003, the trial court certified that this case “is not a plea-bargain case,
and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2).
Analysis
          In his first point of error, Simms contends the trial court abused its discretion by
failing to hold a hearing on the issue of the use of physical restraints on him during the trial.
The United States Supreme Court has identified at least three possible problems that arise
when a criminal defendant is restrained in the courtroom at trial: (1) the sight of the
restraint might have a significant effect on the jury’s feelings about the defendant; (2) the
defendant’s ability to communicate with counsel is greatly reduced, negating one of the
defendant’s primary advantages of being present at the trial; and (3) the very dignity and
decorum of judicial proceedings that the judge is seeking to uphold is affronted. Illinois v.
Allen, 397 U.S. 337, 344 (1970). The Texas Supreme Court has similarly held that the
harm a defendant suffers when the jury sees him restrained is the infringement of his
constitutional presumption of innocence, and all efforts should be maintained to prevent
the jury from seeing the defendant’s restraints, “except where there has been a showing
of exceptional circumstances or a manifest need for such restraint.” Long v. State, 823
S.W.2d 259, 282-83 (Tex. Crim. App. 1991).
          “The decision to use physical restraints must be made by the trial judge on a case-by-case basis and the use of such restraints will necessitate reversal only where the
decision constitutes an abuse of discretion.” Gammage v. State, 630 S.W.2d 309, 314
(Tex. App.–San Antonio 1982, pet ref’d). Restraints have been authorized in trials where
the defendant has: posed a threat to himself; posed a threat to others; interfered with
court proceedings; or attempted to escape. See Culverhouse v. State, 755 S.W.2d 856,
859-60 (Tex. Crim. App. 1988); Mendoza v. State, 1 S.W.3d 829, 830-31 (Tex.
App.–Corpus Christi 1999, pet. ref’d). “On appeal the role of [an appellate] court is to
determine whether the trial court abused its discretion in authorizing the restraint.” Cooks
v. State, 844 S.W.2d 697, 722 (Tex. Crim. App. 1992); Long, 823 S.W.2d at 282.
            “Before a trial court is authorized in ordering the physical restraint of an accused
on trial before a jury, he should conduct a hearing outside the presence of the jury . . . .” 
 Gammage, 630 S.W.2d at 314. “To assist the appellate court in [its] determination, the
record must clearly and affirmatively reflect the trial judge’s reasons therefor.” Long, 823
S.W.2d at 282 (citing Cooks, 844 S.W.2d at 722) (“The trial judge must set forth with
specificity the reasons supporting his decision to restrain the defendant.”). However, even
if an abuse of discretion in authorizing restraint exists, “reversal may not be called for if
such abuse was harmless.” Cooks, 844 S.W.2d at 722.
          Here, appellant was restrained by an electronic immobilization system at all times
during the voir dire examination, guilt/innocence phase, and punishment phase. This
system consists of a monitor, essentially a leg bracelet worn between the upper calf and
knee, and a harness. It can produce a 50,000 volt shock by means of a remote transmitter
in the hands of an attending officer.



          Appellant failed to request a hearing on the necessity of the restraint and the trial
court did not make findings justifying its use. Although the court made no statement
regarding the circumstances justifying the need to restrain appellant, the record account
of appellant’s crime, which included an extended and violent attempted escape,
demonstrates the probable impetus for the measures (i.e. flight risk). See Cooks, 844
S.W.2d at 723. Nevertheless, we hold the trial court abused its discretion by not making
a record of specific reasons for authorizing the restraint of appellant. See Long, 823
S.W.2d at 283.
          We further hold that this abuse of discretion did not . . . harm appellant. Id. 
Appellant “fails to direct our attention to any place in the record showing that the jury
actually saw” the restraint. Id.; see Cooks, 844 S.W.2d at 723. After the trial, three jurors
signed affidavits stating:
Mr. Simms was in the court room at his counsel table any time that I [or] the
other jurors came into the court room and took their seats. I never saw a
harness of any type on Mr. Simms. When he was on the witness stand
during the punishment part of the trial I did not see anything about him other
than what appeared to be normal clothing. After the completion of the trial
I was informed that Mr. Simms had an electronic monitor strapped to him
and was not aware of this until I was told. I do not know of any instance or
indication that the members of the jury panel saw or were aware that Mr.
Simms was wearing a monitor.

It is evident from this statement that these jurors did not see appellant’s restraint and the 
trial judge “took measures to prevent the exposure of the jury” to the restraint. See Long,
823 S.W.2d at 283. The record reflects that the trial judge ordered appellant to be seated
at counsel table or the witness stand before the jury entered and to remain there until the
jury exited. “Courts have found harm primarily where there is some proof that the jury
actually saw” the restraint. Mendoza, 1 S.W.3d at 831; see Cooks, 844 S.W.2d at 723; 
Long, 823 S.W.2d at 283. We conclude appellant was not harmed because: (1) the
record demonstrates the probable impetus for the restraint, Cooks, 844 S.W.2d at 723; 
(2) the trial judge took measures to prevent exposure of the restraint to the jury, Long, 823
S.W.2d at 283; and (3) there is no evidence in the record indicating that appellant’s
restraint was actually seen by the jury. See Cooks, 844 S.W.2d at 723; Long, 823 S.W.2d
at 283. Without harm, no reversible error exists. See Cooks, 844 S.W.2d at 723; Long,
823 S.W.2d at 283. Appellant’s first point of error is overruled.
          In his second point of error, Simms contends his right to a fair and impartial trial was
abridged by being placed before the jury in the electronic immobilization system, even
though he never objected to wearing the monitor. The particular use of an electronic
immobilization system as a restraint used on criminal defendants in the courtroom appears
to be an issue of first impression for state courts in Texas. However, the Fifth Circuit has
“joined many federal circuits in approving the use of stun belts


 as a security device.” 
United States v. Davis, No. 01-282, 2003 U.S. Dist. LEXIS 8250, at *4 (E.D. La. May 12,
2003) (citing Chavez v. Cockrell, 310 F.3d 805, 807 n.1, 809 (5th Cir. 2002));


 see United
States v. Joseph, 333 F.3d 587, 590-91 (5th Cir. 2003) (no abuse of discretion in permitting
stun belt and shackles). We follow the Fifth Circuit precedent and hold the electronic
immobilization system did not abridge appellant’s right to a fair and impartial trial. 
Appellant’s second point of error is overruled.
          In his third point of error, Simms contends he received ineffective assistance of
counsel during the guilt/innocence stage of his trial. He argues that counsel’s agreement
to withdraw a motion to suppress in exchange for the prosecution precluding certain
testimony from its witnesses was “erroneous and ineffective.” We disagree.
          Strickland v. Washington, 466 U.S. 668 (1984) sets forth the standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. Id. The defendant must first show that
counsel’s performance was deficient, in that it fell below an objective standard of
reasonableness. Id. Second, the defendant must further prove there is a reasonable
probability that but for counsel’s deficient performance, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id.
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Id. at 813. An appellate court
looks to the totality of the representation and the particular circumstances of the case in
evaluating counsel’s effectiveness. Id.
          The appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Id. There is a strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance. Id. To defeat the presumption
of reasonable professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
          Given the standard of review for ineffectiveness of counsel, appellant has not met
his burden to prove trial counsel’s representation fell below an objective standard of
reasonableness and the deficient performance prejudiced his defense. The record reflects
counsel withdrew a motion to suppress based on an agreement with the prosecution. 
However, the record also reflects that, in exchange, the prosecution did not put on
evidence of the colorful and incriminating remarks Simms made upon his arrest. Thus, the
evidence is not sufficient to rebut Strickland’s presumption that the challenged action of
trial counsel was the result of “sound trial strategy.” Strickland, 466 U.S. at 689. 
Appellant’s third point of error is overruled.
          Having overruled all of appellant’s points, we AFFIRM the judgment of the trial court. 
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


 

Publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
19th day of February, 2004.