In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-429 CR


____________________



ANDREW CHRISTIAN YOUNG, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 06-04-03206-CR






MEMORANDUM OPINION


 A jury found Andrew Christian Young to be guilty of robbery, as a lesser included
offense of aggravated robbery. The trial court sentenced Young as an habitual offender to
twenty-five years of confinement in the Texas Department of Criminal Justice, Correctional
Institutions Division. The sole issue raised in this appeal contends that Young was taken in
shackles and jail garb in proximity to the courtroom where members of the jury might have
seen him. We affirm.

 The air conditioner that cools the courtroom was not operating on the day of
appellant's trial. A fan in the door to the jury room moved cool air into the courtroom. The
bailiff brought appellant and three other prisoners, shackled and in jail clothes, from a back
hallway into the jury room. Seeing the door to the courtroom open and knowing that the
venire panel was in the courtroom, the bailiff closed the door. For approximately thirty
seconds, the appellant would have been visible to someone in the courtroom looking through
the door. For about forty-five seconds before he was brought into the jury room to meet with
counsel, the appellant would also have been visible to someone looking out the window of
the main door from the courtroom into the public area. During this time the venire panel was
inside the courtroom. The appellant looked into the courtroom but "[i]t was hard to see
anybody over there" and he could not say that any of the members of the venire noticed him.
The parties were aware of this incident before voir dire and had an opportunity to inquire into
the matter during jury selection. None of the venire members stated that they recognized
Young, and defense counsel admitted that "the panel was specifically examined on the issue
of whether they recognized him and they - - no one said they did." Thus, it appears the
parties were satisfied that the jurors did not notice that the defendant was shackled and in jail
clothing outside the courtroom before the trial began.

 On appeal, Young contends the trial court violated his right to due process by forcing
him to wear jail garb and shackles in front of the jury. This case is equivalent to Hernandez
v. State, in which the Court of Criminal Appeals noted the record did not establish that the
jurors actually saw the appellant, and held that "[e]ven if we assume that some jurors did see
appellant being transported under restraint, no error is shown since the encounter was
momentary, inadvertent, fortuitous, and away from the courtroom." Hernandez v. State, 805
S.W.2d 409, 414-15 (Tex. Crim. App. 1990) (no error shown where jurors were in a position
to see shackled defendant being transported to the courtroom, but no evidence jurors saw the
defendant in restraints).

 Brief views of a restrained or jail-clothed defendant do not require reversal. See, e.g.,
Lovely v. State, 894 S.W.2d 99, 102-03 (Tex. App.--Beaumont 1995, pet. ref'd) (jury's brief
view of defendant outside courtroom not prejudicial, where jail clothes were inconspicuous). 
Even when the defendant is shackled throughout the trial, reversal is not required absent
evidence the jurors noticed the restraints. See, e.g., Canales v. State, 98 S.W.3d 690, 697-98
(Tex. Crim. App. 2003) (no evidence the jury was aware that the defendant was shackled
during the trial); Cooks v. State, 844 S.W.2d 697, 722-23 (Tex. Crim. App. 1992) (no harm
in shackling defendant during trial in the absence of evidence the jury saw the restraints);
Ziolkowski v. State, No. 06-06-030 CR, 2007 WL 967029, *2-3 (Tex. App.--Texarkana 2007,
pet. filed) (trial court erred in shackling defendant during trial without providing an adequate
reason for the record, but error harmless because there was no evidence the jury was aware
defendant was shackled and there was no evidence he was hampered in his ability to
communicate with counsel.); Grayson v. State, 192 S.W.3d 790, 791-93 (Tex. App.--Houston
[1st Dist.] 2006, no pet.) (error in shackling defendant during trial harmless where record did
not show that the jury could see the restraints); Simms v. State, 127 S.W.3d 924, 927-29 (Tex.
App.--Corpus Christi 2004, pet. ref'd) (trial court erred in not stating reason for restraint, but
error harmless because record showed defendant who wore electronic immobilization system
throughout trial had a prior escape attempt, the restraints were concealed, and there was no
evidence the jurors saw the restraints); Hughes v. State, 962 S.W.2d 689, 692 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd) (error, if any, harmless where record showed shackles
were concealed).

 Because the prejudice arises from the impression jail clothing and restraints have on
jurors, mere exposure will not be prejudicial if unnoticed by them. See Garza v. State, 10
S.W.3d 765, 767-68 (Tex. App.--Corpus Christi 2000, pet. ref'd) (error waived by failing to
question venire members about whether they noticed restraints, where shackled defendant
led into courtroom where jurors were seated before jury selection); see also Pina v. State, 38
S.W.3d 730, 740-41 (Tex. App.--Texarkana 2001, pet. ref'd) (no error, where those venire
members who saw handcuffed defendant outside courtroom were excused). Reversal occurs
only in cases where the defendant is restrained or forced to wear jail clothing throughout the
trial, or where a restraint system hampers communication with counsel. See Randle v. State,
826 S.W.2d 943, 945-46 (Tex. Crim. App. 1992) (defendant tried in jail clothes); Davis v.
State, 195 S.W.3d 311, 318-19 (Tex. App.--Houston [14th Dist.] 2006, no pet.) (trial court
erred in handcuffing defendant as a courtroom security policy and appellate court unable to
find shackling defendant during trial did not contribute to his conviction or punishment,
where record showed communication with counsel hampered by taking away the defendant's
pen); Wiseman v. State, 223 S.W.3d 45, 50-52 (Tex. App.--Houston [1st Dist.] 2006, pet.
ref'd) (trial court erred in shackling defendant as a matter of routine and appellate court was
unable to find shackling defendant during trial did not contribute to his conviction or
punishment, where record showed the shackles were exposed while defendant testified);
Scott v. State, 80 S.W.3d 306, 308-09 (Tex. App.--Fort Worth 2002, no pet.) (defendant
harmed by appearing in jail clothes throughout the entire trial); Mendoza v. State, 1 S.W.3d
829, 831 (Tex. App.--Corpus Christi 1999, pet. ref'd) (defendant harmed by infringement on
presumption of innocence, where record reflected the jury was aware that the defendant was
shackled during the trial); Oliver v. State, 999 S.W.2d 596, 598-600 (Tex. App.--Houston
[14th Dist.] 1999, pet. ref'd) (admonishment insufficient to cure harm in case where
defendant tried in jail clothes).

 This case presents nothing more than the possibility that one or more of the members
of the venire saw Young before he changed into street clothing for his trial. No infringement
of the presumption of innocence or associated violation of due process appears on this
record. We overrule the appellant's issue and affirm the judgment.

 AFFIRMED. 


 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on June 29, 2007

Opinion Delivered July 25, 2007

Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.