1323-15

CAUSE NO. _____

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS

FOR THE STATE OF TEXAS

JOSHUA JERROD THOMAS

PETITIONER

V.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

FROM THE NINTH COURT OF APPEALS , BEAUMONT , TEXAS
CAUSE NO. 09-14-00220-CR

FILED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

ON APPEAL FROM

ORIGINAL TRIAL IN THE 252ND DISTRICT COURT , JEFFERSON COUNTY , TEXAS

TRIAL CAUSE NO. 11-12337

PETITION

FOR

DISCRETIONARY

REVIEW

RESPECTFULLY SUBMITTED BY:

_____

JOSHUA JERROD THOMAS
Petitioner
1931104
Beto Unit
1391 FM 3328
Tennessee, Colony, Tx. 75880
(903) 928-2217

appearing before this court

PRO-SE

IDENTITY OF THE PARTIES

TRIAL COURT – 252ND DISTRICT COURT, JEFFERSON COUNTY, BEAUMONT, TEXAS
TRIAL CAUSE NO. 11-12337
TRIAL JUDGE – THE HONORABLE LINDSEY SCOTT, PRESIDING

PROSECUTORS ON THE TRIAL: RACHAEL GROVE, ASST. DIST. ATTY., JEFFERSON COUNTY, TX.
PERRY THOMAS , ASST. DIST. ATTY., JEFFERSON COUNTY, TX.
BOB WORTHAM , DISTRICT ATTORNEY JEFFERSON COUNTY, TX.

DEFENSE ATTYS. ON THE TRIAL: GAYLYN COOPER, LEAD DEFENSE COUNSEL
CAROLYN WIEDENFELD, ASST. DEFENSE COUNSEL

APPELLATE COURT – NINTH COURT OF APPEALS, 1001 PEARL ST. BEAUMONT, TEXAS 77701
APPELLATE CAUSE NO. 09-14-00220-CR
APPELLATE PANEL – CHIEF JUSTICE STEVE McKEITHEN, JUSTICE CHARLES KREGER, JUSTICE LEANNE JOHNSON

PROSECUTORS ON THE APPEAL: ANN MANES, ASST. DIST. ATTY., JEFFERSON COUNTY, TX.
BOB WORTHAM, DISTRICT ATTORNEY JEFFERSON COUNTY, TX.

DEFENSE ATTYS. ON THE APPEAL: THOMAS J. BURBANK (FILED ANDERS BRIEF)

TABLE OF CONTENTS

|  | PAGE |
|---|---|
| IDENTITY OF THE PARTIES | 1 |
| TABLE OF CONTENTS | i |
| INDEX OF AUTHORITIES | ii |
| STATEMENT REGARDING ORAL ARGUMENT | 1 |
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF PROCEDURAL HISTORY | 1 |
| QUESTIONS PRESENTED FOR REVIEW | 2 |
| ARGUMENT AND AUTHORITIES | 3-8 |
| PRAYER / RELIEF REQUESTED | 8,9 |
| UNSWORN DECLARATION | 9 |
| CERTIFICATE OF SERVICE | 9 |
| APPENDIX | xx |
| ATTACHMENT (COPY OF MEMORANDUM OPINION) | |

# INDEX OF AUTHORITIES

| CASE | PAGE |
|---|---|
| Alejandro v. State, 493 SW2d 230 (CCA 1973) | 7 |
| Anderson v. State, 633 SW2d 851 (CCA 1988) | 5 |
| Bledsoe v. State, 178 SW3d 824,826 (CCA 2005) | 4 |
| Clark v. State, 717 SW2d 910 (CCA 1990) | 5 |
| Cooks v. State, 844 SW2d 697,722 (CCA 1992) | 3 |
| Cortez v. State, 683 SW2d 419 (CCA 1984) | 7 |
| Cox v. State, 931 SW2d 349,352 (App. 2 1996) | 3 |
| Davis v. State, 195 SW3d 311 (App. 14 2006) | 8 |
| Deck v. Missouri, 125 Sct. 2007 (2005) | 3,4 |
| Estelle v. Williams, 96 Sct. 1691 (1976) | 3,4 |
| Everest v. State, 707 Sw2d 638 (CCA 1984) | 7 |
| Ex Parte Slaton, 484 SW2d 102 (CCA 1972) | 3 |
| Granadus v. State, 85 SW3d 217 (CCA 2002) | 5 |
| Gray v. State, 99 Tx.Crim. 305 268 SW 941,950 (CCA 1924) | 3 |
| Hammond v. State, 799 SW2d 741,749 (CCA 1990) | 7 |
| Hart v. State, 581 SW2d 675,679 (CCA 1979) | 7 |
| Hawkins v. State, 67 SW3d 918 (CCA 2002) | 7 |
| Hawthorn v. State, 848 SW2d 101 (CCA 1992) | 5 |
| Hernandez v. State, 726 SW2d 53,57 (CCA 1986) | 6 |
| Illinois v. Allen, 90 Sct. 1057 (1970) | 4 |
| Irving v. State, 573 SW2d 5 (CCA 1978) | 7 |
| Kyles v. Whitley, 115 Sct. 1555 (1995) | 6 |
| Long v. State, 823 SW2d 259, 282-83 (CCA 1991) | 3,4 |
| Marquez v. State, 725 SW2d 217,229 (CCA 1987) | 3,4 |
| McKenzie v. State, 617 ?W2d 214 (CCA 1981) | 7 |
| Meneffee v. State, 614 SW2d 167 (CCA 1981) | 7 |
| Owen v. State, 656 SW2d 458 (CCA 1983) | 7 |
| Rompilla v. Beard, 125 Sct. 2456 (2005) | 6 |
| Simms v. State, 127 SW3d 924,928 (App. 13 2004) | 3 |
| Strickland v. Washington, 104 Sct 2052 (1984) | 5,6 |
| U.S. v. Durham, 287 F.3d. 1297 (CA 11 2002) | 3,4 |
| U.S. v. Escamilla, 666 F.2d. 126 (CA 5 1982) | 7 |
| U.S. v. Mayes, 158 F.3d. 1215,1225 (CA 11 1998) | 3 |
| Wiggins v. Smith, 123 Sct. 2527 (2003) | 6 |
| Wiseman v. State, 223 SW3d 45 (App. 1 2006) | 3 |
| Wright v. State, 178 SW3d 905 (App. 14 2005) | 7 |

## UNITED STATES CONSTITUTION

| | |
|---|---|
| USCA 6 | 6 |
| USCA 14 | 3 |
| Generally | 8 |

## TEXAS CONSTITUTION

| | |
|---|---|
| Tx. Const. 1§10 | 5 |
| Tx. Const. 5 § 13 | 5 |
| Generally | 8 |

## TEXAS RULES OF APPELLATE PROCEDURE

| | |
|---|---|
| TRAP 44.2 | 4,5 |
| TRAP 66.3 | 8 |

## TEXAS CODE OF CRIMINAL PROCEDURE

| | |
|---|---|
| Tx.Code Crim.Proc. 35.16 (a) | 5 |
| Tx.Code Crim.Proc. 35.16 (c) | 5 |

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument on Petition for Deicretionary review. It is Petitioners sincere belief that oral argument may be helpful to support and further clarify specific fact issues cited from the record of the underlying trial proceedings, outline and present to this Court those matters which affected the proceedings, but may lack complete disclosure from the record, and to allow the Court of Appeals to gain direct knowledge from the Petitioner to assist in resolving or answering questions raised from the pleadings.

## STATEMENT OF THE CASE

The underlying case presented herein to this Honorable Court of Appeals in this Petition for Discretionary Review is whether Petitioner, Johsua Jerrod Thomas received due process and a fair and impartial trial, whether his fundamental constitutional rights to same were violated, and whether the conviction and sentence given to him should be reversed in lieu of such.

Petitioner strongly believes he did not have effective assistance of counsel both at the trial level and on direct appeal, that the record clearly contains evidence of reversable errors and constitutional violations, which support the grounds raised on appeal, and that Petitioner clearly cited and referenced cases previosly decided by this Court of Appeals and the United States Supreme Court which directly relate to and support Petitioners claims for relief.

Petitioner further believes that he made a sufficient showing and raised and called into question legal and factual issues and supported same by specific citings from the record - to require at a minimum the granting of an evidentiary hearing by the Court of Appeals to further develop and expand the record on same. Petitioner alleges that the Court of Appeals committed clear error and abused their discretion in denying his direct appeal and in failing to provide Petitioner with an opportunity and a forum to expand the record in support of his grounds for relief and did abuse its discretion by not granting Petitioners request for appointment of counsel who would provide him with effective assistance for his direct appeal.

## STATEMENT OF PROCEDURAL HISTORY

1. On September 9, 2015, the Ninth Court of Appeals, by decision of a three Judge panel issued a memorandum opinion denying Petitioners direct appeal which is the basis of this Petition for Discretionary Review.

2. No motion for rehearing/rehearing Enbanc was filed or timely filed.

3. There was no ruling made regarding a rehearing/rehearing EnBanc.

QUESTIONS PRESENTED FOR REVIEW

QUESTION NO. 1 : Did the Court of Appeals err in denying Petitioners direct appeal despite a showing from the record of prejudice and harm of an unfair trial when the trial Court required Petitioner to appear in leg restraints for the entire trial and allowing him to appear in hand restraints durring testimony at guilt/innocence phase and in failing to make a finding in the record to justify same?

QUESTION NO. 2 : Was the Court of Appeals decision to deny Petitioners direct appeal despite the constitutional issues raised and implied in Question #1 - in direct conflict with decisions of this Court and the U.S. Supreme Court and a departure from the accepted and usual judicial decisions on this important question of State and Federal law and the rights of the Petitioner?

QUESTION NO. 3 : Did the Court of Appeals err when it denied Petitioner his relief on direct appeal despite his showing in the record that he was denied a fair and impartial trier of fact, and thus a fair trial when the Trial Court allowed 2 jurists to be impaneled despite demonstrating at voir dire they could not follow the law and/or showed bias toward the testimony of law enforcement personell?

QUESTION NO. 4 : Was the Court of Appeals decision to deny relief on the constitutional issue raised in Question #3 in direct conflict with decisions of this Court and the U.S. Supreme Court and a departure from the accepted and usual judicial decisions on this important question of State and Federal law and a denial of Petitioners rights?

QUESTION NO. 5 : did the Court of Appeals err by not granting direct Appeal on the grounds of not having constitutionally effective assistance of counsel by counsels failling to preserve trial erors, allowing for errors raised in Questions 1 & 3 and failing to do a reasonably competent investigation that was supported by specific citations from the record andlegal authority clear error and/or abuse of discretion?

QUESTION NO. 6 : Did the Court of Appeals err by not granting relief or holding an evidentiary hearing to further develop the record on Petitioners ground for relief for Prosecutorial Misconduct despite a showing from the record with specific references and with support of legal citations for same?

QUESTION NO. 7 : Was the Court of Appeals decision to deny the direct Appeal on any of the constitutional grounds raised to include its decision to not grant or hold an evidentiary hearing to expand the record for same in direct conflict with prior decisions of this Court and/or the U.S. Supreme Court and a departure from the accepted and usual judicial decisions on similar important questions of State and Federal law and an abuse of discretion and/or clear error in denying Petitioners Xxxpagex2xxxxx? right to same?

ARGUMENT AND AUTHORITIES

QUESTIONS 1 & 2 : Petitioner was required to wear leg restraints during his entire trial (see: Trial Court Transcript [TCT] Vol.5 of 6 pg. 69, 2-9). It is well established that the use of "Shackles" is called for only in rare circumstances Marquez v. State, 725 SW2d 217,229 (Tx.Crim.App. 1987). "The Texas court of Criminal Appeals has long recognized the danger of allowing an accused to be seen (or in the presence of) shackled by the jury," considering it "obnoxious to the spirit of our laws and all ideas of justice", and only under "rare exceptions" would this Court "consent for a conviction to stand". Gray v. State, 99 Tx.Crim. 305 268 SW 941,950 (Tx.Crim.App. 1924). The Court in Gray described and outlined such exceptions. In Petitioners case the trial Court made no findings in the record consistent with accepted legal standards to require him to be shackled for the trial. see: Simms v. State, 127 SW3d 924,928 (App.13 2004) see also Cox v. State 931 SW2d 349,352 (App. 2 1996). In Long v. State, 823 SW2d 259,282-83 (Tx.Crim.App. 1991), this Court found that when the record does not support use of shacles or restraints it infringes on a defendants presumption of innocence and is an abuse of discretion to do so. The record in this case shows no findings to support use of shackles, and is silent as to any justification for same. This silence by the Trial Judge is clear error. See: Cooks v. State, 844 SW2d 697,722 (Tx.Crim.App. 1992) and see also: Exparte Slaton, 484 SW2d 102 (Tx. Crim.App. 1972). In United States v. Mayes, 158 F.3d 1215,1225 (CA 11 1998), The 11th circuit court held that the mere "presence of shacles and other physical restraints on the defendant tends to erode the presumption of innocence". "The presumption of innocence is an integral part of a criminal defendants right to a fair trial". quoting Estelle v. Williams, 96 SCT. 1691 (1976). In addition to shackles being used for the entire trial, Petitioner also appeared in Court wearing hand restraints (cuffs) during the live testimony of 2 witnesses. (see: TCT Vol.3, pg. 107, 23 through pg. 132, 12), (See also Brief on Appeal pgs. 18,19). The U.S. Supreme Court held in Deck v. Missouri, 125 SCT. 2007 (2005) that it violates a defendants due process rights to use visable restraints because of their prejudicial effects. The 14th Ammendment guarantees criminal defendants the right to a fair trial and the presumption of innocence until proven guilty. In Wiseman v. State, 223 SW3d 45 (App. 1 2006) they held that a defendant who appears in leg restraints and hand restraints fundamentally compromises his rights to such presumptions and fairness, it impedes a defendants ability to effectively communicate with his attorney, and it creates both a physical limitation with the added psychological effects such as distraction and embarrasment confusing the defendant. See also: U.S. v. Durham, 287 F.3d 1297 (CA 11 2002). In Durham, they

page 3

stated that other adverse effects include impairment of a defendants ability to participate in his defense and take an active interest in the presentation of his case. The Court of Appeals was required to review on direct Appeal as to whether the district Court provided reasons on the record to require Petitioner to appear in shackles, and to explain why he appeared in cuffs. ID. Durham. The Court of Appeals was required by TRAP rule 44.2(a) to review such errors and conduct a harm analysis – this was not done, which is an abuse of discretion on the part of the Court of Appeals. The Appellate record shows that the Government failed to demonstrate that Defendants defense was not harmed by such an impediment. It is insufficient for the Court of Appeals to simply state in their opinion that the Appeal is frivolous and no arguable grounds for appeal exist without making further inquiries. The Governments response was simply the record is unclear. (States Brief, pg. 7). If this is true, then the necessity of an evidentiary hearing to further develop and expand the record – based on the Briefs and the record – was indicated. In fact, the Court of Appeals never even addressed whether to hold an evidentiary hearing, instead focused on denying Petitioners request for new counsel. The Court of Appeals further erred when it applied this Courts decision in Bledsoe v. State, 178 SW3d 824,826 (Tx.Crim.App. 2005) as a blanket reason to not address the merits of the issues raised in the Briefs. Further their decision to do so conflicts with this Courts decisions in Long v. State and Marquez v. State and the U.S. Supreme Court decisions in Illinois v. Allen, 90 SCT. 1057 (1970) and in Deck v. Missouri and Estelle v. Williams regarding the constitutional implications of Petitioners claims of 14th and 6th amendment violations, which are sufficient to vacate his conviction and remand his case for a new trial. An expansion of the record and a complete review of the merits of the issues on Appeal is indicated in this case, requiring reversal and a remand for same. Durham ID.

QUESTIONS 3 & 4 : Here Petitioner alleges he was deprived of a fair trial by the impaneling of 2 jurors who demonstrated at voir dire they could not follow the law and/or would give preferential bias toward testimony of law enforcement officials. (See: TCT Vol.2 pg. 56, 6-9; pg.59, 20-24, and pg. 51, 18 through pg. 52, 25). Venireperson #23 became juror #8 Leola D. Murray. (App.Rec. pg. 113,114), and sat on Petitioners jury for his trial. (see: Brief pgs. 17,18). The other juror who showed bias towards police officer testimony was not able to be identified from the record. Prejudice is presumed and shown from the record that these jurors were not constitutionally impartial and to be part of the trier of fact violated Petitioners right to a fair trial. This Court has consistently held that a Panel which contains a Juror who demonstrates bias and prejudice would render the trial as unfair and would warrant a reversal of

his conviction for that Juror serving on the Panel. See: Hawthorn v. State, 848 SW2d 101 (Tx.Crim.App. 1992). The district Court abused its discretion and committed clear error by not following the law. Tx.Code.Crim.Proc. 35.16(c) para 2 clearly states that Jurors, like Juror #8 "must be excused" bias exists as a matter of law when a Juror admits he/she is biased. Tx.Code.Crim.Proc. 35.16(a) para 8. See: Clark v. State, 717 Sw2d 910 (Tx.Crim.App. 1990). See: also: Anderson v. State, 633 SW2d 851 (Tx.Crim.App. 1988). An impartial Jury is mandatory. Tx. Const. 1 § 10, Art. 5 § 13. A Juror who knowingly will not follow the law (ie. consider 5 years) is a form of Juror misconduct which can result in a mistrial. See: Granadus v. State, 85 SW3d 217 (Tx.Crim.App. 2002) The Court of Appeals memorandum opinion denying the direct appeal clearly conflicts with this Courts decisions on the same issue. the decision to not review or consider the merits of this Appeal departs from the accepted and usual course of judicial review and raises questions of State and federal law in such a way as to conflict with applicable decisions of this Court and the U.S. Supreme Court – thus the Court of abused its discretion and committed clear error by failing to consider the merits of Petitioners Appeal, requiring a reversal for further considerations consistent with the prior opinions of this Court and the laws of this State and the United States. See also TRAP 44.2.

QUESTION NO. 5 : In this Question Petitioner alleges that the Court of Appeals failure to consider the merits of his Ineffective Assistance of Counsel claims was an abuse of discretion and clear error. Petitioner clearly cited specific references to the record along with legal case citations to support his claims here. Counsels failures encompassed a myriad of deprivations of Petitioners 6th Amendment right to effective assistance. His failure to object and/or preserve errors for review is one. The State in their Brief stated this issue has no merit. (States Brief, pg.3), yet in thier very next sentence the State identifies counsels failure to preserve error in not challenging the Array. it writing, supported by affidavit. The State also verified that Defense Counsel failed to preserve the error on the issue of cuffs/restraints at trial – which represent Petitioners issues in questions #1 and #3 herein, Thus these issues are are either valid on their face or attach here by Counsels failures. not to preserve these errors as confirmed by the State. The trial Court never resolved the issue regarding Venireperson #23 (Juror #8) for her impartiality and inability to follow the law, in fact it further confirmed it. TCT Vol.2 pg.58, 5 through pg.60, 4). The standards for reviewing Ineffective Assistance of Counsel Claims are found in Strickland v. Washington, 104 SCT 2052 (1984). This Court has consistently followed Strickland. In addition to the issues of Improper Juror and Unconstitutional

use of restraints, Counsel failed to do a reasonable investigation to review facts, materials, and evidence to support a defense of his client. To rely on the States evidence, PSI reports, and the like fell short of the prevailing profession standards in murder cases. See: Wiggens v. Smith, 123 SCT. 2527 (2003). In the instant case, here, counsel failed to obtain ballistic reports, did not inquire as to why gun shot residue tests were not done, failed to obtain expert testimony on gun misfiring. He failed to obtain medical reports regarding life saving efforts by EMS and the Port Arthur Fire Dept. and hospital personnel. Such evidence was mitigating for both guilt/innocence and punishment phases of the trial. He denied Petitioner the "raw materials" needed for his defense. See: Rompilla v. Beard, 125 SCT. 2456 (2005). Counsels failure to investigate stemmed from innattention, not strategical judgment. He denied his client the ability to make informed choices amoung the possible defenses (ie; accident, manslauter). Counsel presented a half-hearted case instead of developing and pursuing the most powerful evidence for his client. Wigging @2530. Evidence material to to guilt and punishment was excluded. See: Kyles v. Whitley, 115 SCT. 1555 (1995). Clearly Strickland requires Counsel to make a reasonably complete investigation and Counsels failure to do so was constitutionally unreasonable – thus his representation fell below the accepted standards of reasonableness – making Counsels assistance ineffective and in violation of Petitioners 6th amend. rights to same. Petitioner presented specific instances from the record to support his claims, See: (Brief, pgs. 15,16), including decisions of the U.S. Supreme Court and citing this Courts decision in Hernandez v. State, 726 SW2d 53,57 (Tx.Crim.App. 1986) to support his allegations. Petitioner avers that the Court of Appeals failure to consider the merits of his claims of Ineffective Assistance of Counsel was an abuse of discretion considering the above, that the record does in fact call into question the constitutionality of Counsels performance and requires at a minimum further defelopment and expansion of the record to determine whether this issue rises to the level set forth in Strickland to support reversal of the denial of Petitioners Appeal and reversal of his conviction and a new trial on the merits.

QUESTION NO. 6 : Petitioner posits to this Court that the prosecutor in his trial committed the act of prosecutorial misconduct in regards to her actions made at trial. Petitioner cited specific instances of misconduct in his Brief to the Court of Appeals (See: Brief pgs 16,18,21). The prosecutor discussed the punishment at guilt/innocence (Vol.4, pgs 96,18 to pg.97, 15) and (Vol. 4, pg. 103, 11-24) She made a recommendation of punishment of a specific term of years (48 years) to the jury, she made remarks as to the credibility of witnesses, referred to infamous criminals to compare to the defendant. This

page 6

Court has held that EACH of these acts to be impermissible. See: Cortez v. State, 683 SW2d 419 (Tx.Crim.App. 1984)(punishment at guilt/innocence) see also: Hart v. State, 581 SW2d 675,679 (Tx.Crim.App. 1979); Alejandro v. State, 493 SW2d 230 (Tx.Crim.App.1973)(going beyond permissible argument); Irving v. State, 573 SW2d 5 (Tx.Crim.App.1978)(reccommending of specific term of punishment) see also: Hammond v. State, 799 Sw2d 741,749(Tx.Crim.App.1990)(using her position of authority to convey a personal opinion to sway the jury) and also see: Wright v. State, 178 SW3d 905(App.14 2005)(to sway jury to ignore duty to deliberate); Menefee v. State, 614 SW2d 167 (Tx.Crim.App.1981)(credibility of witnesses); Owen v. State, 656 SW2d 458(Tx.Crim.App.1983)(arguing remorse and taking responsibility); McKenzie v. State, 617 SW2d 214(Tx.Crim.App. 1981)(false statements); and Everest v. State, 707 SW2d 638(Tx.Crim.App.1984)(critizing defense Counsel) - ALL of these acts were committed by the prosecutor in this case. Glaringly the Prosecutors reference to an infamous assassination (Kennedy)(Vol. 4, pg. 91, 10-14) to put in the minds of the Jurors to compare PEtitioner to Lee Harvey Oswald. Neither Counsel, nor the Court made any attempt to erase this improper comparason from the minds of the Jury - and may in and of itself have warranted a mistrial. See: U.S. v. Escamilla, 666 F.2d. 126 (CA 5 1982). This Court has consistently ruled that unless prejudice can be eliminated, a trial Court MUST declare a mistrial. Citing Hawkins v. State, 67 SW3d 918 (Tx.Crim.App. 2002). The prosecutor gave definitions to the Jury on what "beyond a reasonable doubt" means. Saying it means to "use common sense and reason" (Vol.2, pg.13, 11 to pg.14, 1). She did this AFTER saying that "the highest criminal court in the State of Texas has said they're not going to give y'all a definition" - citing this Courts directives on this issue - clearly she knew she was doing something not permitted here and demonstrating, on the record, her disregard of the law and rulings of this Court. Knowingly trying to improperly influence the Jury soas to impunge and deny Petitioners right to a fair trial and a fair review - and prejudiced the proceedings. The Prosecutor even indicated to the Jury that "had it been my Aunt or my Mother, I would have been extremely upset. I probably would have wanted to have killed whoever did that too...". Her nefarious purpose here was to incite the Jury to want revenge, but to play on their morals. The totality of the prosecutors statements, misstatements, and improper and impermissible conduct and tactics - define the basis of a review for misconduct - yet the Court of Appeals just disregarded all of this in denying the Petitioners Appeal. The Court of Appeals failure to follow the accepted and usual course of review of Claims such as prosecutorial misconduct - clearly conflicts with this Courts and the U.S. Supreme Courts decisions on such impermissible conduct and deviates from the accepted State and Federal law so as to create

page 7

inconsistancy in answering questions considering same, and warrants a reversal of the Court of Appeals denial of the Petitioners Direct Appeal and a remand to the Court of Appeals to hold an evidentiary hearing and consider Petitioners claims on the merits.

QUESTION NO. 7 : Petitioner here questions , in general, the basis of the Court of Appeals decision to not grant him a "day in court", to not grant him an evidentiary hearing to expand the record on Appeal to further add to the citations from the trial court record and legal authorities in support of his claims for relief, to not consider the merits of his appeal, to not afford him his right to constitutionally effective assistance of counsel by appointing him one who would actually assist him for his direct appeal. Petitioner refers to TRAP rule 44.2(a), in that once errors are identified, the burden shifts to the State to PROVE the error is harmless "beyond a reasonable doubt", and to PROVE the error did not contribute to the conviction or punishment, and for the Court of Appeals to conduct a harm analysis – but this was not done in Petitioners case. See: Davis v. State, 195 SW3d 311 (App. 14 2006). The question is why. But of course this is not the purpose of a discretionay review, it is not to determine whether the Court of Appeals "got it right", but rather whether in this particular case their decision to not consider and review the issues presented by Petitioner in his Briefs, issues of constitutional magnitude, will have or will likely have an adverse effect upon the jurisprudence of this State. (See TRAP rule 66.3). Petitioner avers that it would. Any time the Constitutional rights guaranteed by the constitutions of the U.S. or the Constitution and laws of the State of Texas are violated – the Courts MUST be consistent in its holdings and rulings and have a sound basis in law or fact to stray from same so as to maintain uniformity of justice and protect the fundamental rights of the people – which in the case of this Petitioner have been voiced to the Courts below, but as of yet have not found an ear to be heard. Petitioner believes the memorandum opinion by the Court of Appeals does so conflict with this Courts and the U.S. Supreme Courts rulings on these constitutional issues and as such requires reversal.

## PRAYER / RELIEF REQUESTED

WHEREFORE PREMESIS CONSIDERED, Petitioner Joshua Jerrod Thomas respectfully does request that this Honorable Court of Criminal Appeals **GRANT** this his Petition for Discretionary Review and **REVERSE** the denial of his direct appeal in the memorandum Opinion of the Ninth Court of Appeals and **REMAND** his case back to that Court for a review on the merits of his Appeal. Petitioner further **PRAYS** that this Court **ORDER** that the Ninth Court of Appeals schedule and hold an Evidentiary Hearing and Appoint to Petitioner new Counsel to assist him at said hearing and assist him with his direct Appeal.

Petitioner further **PRAYS that this Court GRANT** him any and all other relief to which he may be entitled to.

on this 06 day of October . 2015.

Respectfully submitted,

Joshua Jerrod Thomas
Petitioner pro-se
1931104
Beto Unit   1391 Fm 3328
Tennessee Colony, Tx. 75880
(903) 928-2217

## UNSWORN DECLARATION

I, Joshua Jerrod Thomas do hereby swear under the penalty of perjury that the facts and statements made in this "Petition for Discretionary Review" are true and correct.

Sworn and signed on this 06 day of October ,2015.

Joshua Jerrod Thomas

## CERTIFICATE OF SERVICE

I, Joshua Jerrod Thomas do hereby certify that I mailed the original and/or a copy of this Petition by placing same into a proper envelope, that I did affix sufficient pre-paid U.S. FIRST CLASS POSTAGE TO SAME, AND THAT I did address same to the parties listed herein below and placed same into the available mailing system used for such legal mail.

Certified on this 06 day of October ,2015.

Joshua Jerrod Thomas

SENT TO:

THE TEXAS COURT OF CRIMINAL APPEALS 201 W. 14th Street, Room 106 PO Box 12308 Capitol Station, Austin, Texas 78711-2308 Attn: Abel Acosta, Clerk of the Court

THE NINTH COURT OF APPEALS , 1001 Pearl Street, 3rd Floor
Beaumont, Texas 77701 Attn: Carol Anne Harley, Clerk of the Court

BOB WORTHAM , Criminal District Attorney for Jefferson County, Texas
1001 Pearl Street, Beaumont , Texas 77701

cc: file

page 9

APPENDIX


In compliance with TRAP rule 68.4 (j) , Petitioner includes this "APPENDIX" to his Petition for Discretionary Review.



ATTACH HERE YOUR COPY OF THE FOLLOWING:

"                                                                          "

In The

Court of Appeals

Ninth District ot Texas at Beaumont


NO. 09-14-00220-CR


JOSHUA JERROD THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee


ON APPEAL FROM THE 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-12337


MEMORANDUM OPINION

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on April 9, 2015
Opinion Delivered September 9, 2015
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.

*** NOTE: : A COPY OF THIS MEMORANDUM OPINION COULD NOT BE MADE DUE TO PETITIONERS INCARCERATION, AND TDCJ POLICY WHICH PROHIBITS INCARCERATED INDIVIDUALS FROM HAVING ACCESS TO AND/OR USE OF COPYING DEVICES - WITHOUT A COURT ORDER FOR SAME.

# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-14-00220-CR
_____

## JOSHUA JERROD THOMAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-12337**

## MEMORANDUM OPINION

A jury convicted Joshua Jerrod Thomas (Thomas) of murder, a first degree felony. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West 2011). The jury assessed punishment at sixty years in the Texas Department of Criminal Justice, Institutional Division. Thomas timely filed a notice of appeal.

Thomas's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex.

1

Crim. App. 1978). On April 7, 2015, we granted an extension of time for Thomas to file a *pro se* brief. Thomas filed a *pro se* brief in response, which raised a number of issues for appeal.

The Texas Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, we may determine that (1) "the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error" or that (2) "arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

We have independently reviewed the entire appellate record in this matter, as well as all briefs, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

---

[1] Thomas may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on April 9, 2015
Opinion Delivered September 9, 2015
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.

3